[NOT FOR PUBLICATION]

 United States Court of Appeals
 For the First Circuit
 

No. 97-1022

 UNITED STATES,

 Appellee,

 v.

 PAUL D. ALLEN,

 Defendant - Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nathaniel M. Gorton, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 

 Coffin, Senior Circuit Judge, 

 and Boudin, Circuit Judge.  

 

 R. Scott Miller, Jr., by appointment of the Court, for 
appellant.
 Jeanne M. Kempthorne, Assistant United States Attorney, with 
whom Donald K. Stern, United States Attorney, was on brief for 
appellee.

 

 September 18, 1997
 

 Per Curiam. Paul Allen appeals the enhancement to his Per Curiam. 

sentence following his conviction for being a felon in possession

of a firearm in violation of 18 U.S.C. 922(g)(1). The district

court entered a judgment against appellant pursuant to a plea

agreement in which appellant pled guilty to violating section

922(g)(1) and "acknowledge[d] that the provisions of the Armed

Career Criminal Act, 18 U.S.C. 924(e) ('ACCA'), apply to this

case." Accordingly, the district court sentenced appellant to

212 months, which amount includes a sentence enhancement under

the ACCA. We find this sentence enhancement proper.

 The ACCA applies when a person who violates section

922(g) has three previous convictions for a violent felony or a

serious drug offense. While the presentence report, which the

district court adopted, improperly characterized the qualifying

crimes under the ACCA as "crimes of violence" rather than

"violent felon[ies]," appellant's earlier admission that he was

subject to an enhancement under the provisions of the ACCA

constitutes an admission that his previous convictions meet the

Act's definitions of "violent felony" or "serious drug offense."

Because appellant has made this admission, he cannot now claim

that the provisions of the ACCA do not apply to him. We also

note in passing that all five of appellant's previous criminal

convictions, considered qualifying prior felonies in the

presentencereport, meetthe statutorydefinitionof "violentfelony."

 Affirmed. Affirmed. 

 -2-